IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 25-cr-00106-DDD

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. ABRAHAM GONZALEZ-ROMERO

Defendant.

---

**PLEA AGREEMENT**

---

The United States of America (the government), by and through Garreth Winstead, Assistant United States Attorney for the District of Colorado, and the defendant, Abraham Gonzalez-Romero, personally and by counsel, Kelly Christl, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1. This agreement binds only the Criminal Division of the United States Attorney's Office for the District of Colorado and the defendant.

## I. AGREEMENT

### A. Defendant's Agreement:

The defendant agrees to

(1) plead guilty to Count 2 of the Superseding Indictment, charging a violation of 18 U.S.C. § 922(g)(5), Possession of a Firearm by an Illegal Alien;

(2) waive certain appellate and collateral attack rights, as explained in detail below;

(3) recommend a sentence of 12 months' imprisonment.



Court Exhibit
1
25-cr-00106

**B. Government's Obligations:**

This agreement is made pursuant to Fed.R.Crim.P.11(c)(1)(B). The government agrees to recommend a sentence of 12 months' imprisonment. The government further agrees to dismiss Count 1 of the Superseding Indictment. Should the plea of guilty be vacated on the motion of the defendant, the government may, in its sole discretion, move to reinstate any or all of the counts dismissed pursuant to this agreement and potentially file a superseding indictment. The parties understand that this agreement is not binding on the Court.

Provided the defendant does not engage in prohibited conduct or otherwise implicate USSG §§ 3C1.1 and 3E1.1, cmt. n.4 between the guilty plea and sentencing in this case, the government agrees that the defendant should receive a two level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(a) and agrees to file a motion requesting that the defendant receive a one level reduction for acceptance of responsibility pursuant to USSG § 3E1.1(b).

If the defendant engages in conduct which implicates USSG § § 3C1.1 cmt. N.4 between the guilty plea and sentencing in this case, in addition to any other consequences, the government will be released from its obligations under the plea agreement, and the defendant will not thereby have any right to withdraw from the plea agreement.

**C. Defendant's Waiver of Appeal:**

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence (including the restitution order), unless it meets one of the following criteria:

(1) the sentence exceeds the maximum sentence provided in the statutes of conviction;

(2) the sentence exceeds the top end of the advisory guideline range from the Sentencing Guidelines that applies for the defendant's criminal history (as determined by the district court) at a total offense level of 14; or

(3) the government appeals the sentence imposed.

If the first criterion applies, the defendant may appeal only the issue of how his sentence exceeds the statutory maximum sentence. But if one of the latter two criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence (including the restitution order) in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

(1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute;

(2) the defendant was deprived of the effective assistance of counsel; or

(3) the defendant was prejudiced by prosecutorial misconduct.

The United States agrees not to argue a procedural bar to a prosecutorial misconduct claim raised in a § 2255 petition based on the failure of the defendant to raise that issue on direct appeal.

The Defendant also waives the right to appeal any sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

The Defendant also waives the right to appeal the denial of any motion filed under 18 U.S.C. § 3582(c)(1)(A) where such denial rests in any part upon the court's determination that a sentence reduction is not warranted under the factors set forth in 18 U.S.C. § 3553(a). This waiver does not apply to an appeal of a denied § 3582(c)(1)(A)(i) motion where the district court, in denying the motion on § 3553(a) grounds, failed to consider the facts allegedly establishing extraordinary and compelling circumstances as part of its § 3553(a) analysis.

## II. ELEMENTS OF THE OFFENSE(S)

The parties agree that the elements of Possession of a Firearm by an Illegal Alien are as follows:

**Count One: 18 U.S.C. § 922(g)(5)**

**First**: The Defendant knowingly possessed a firearm.

**Second**: At the time he possessed the firearm, the defendant was an alien illegally and unlawfully in the United States.

**Third**: The defendant knew he was an illegal alien.

**Fourth**: The firearm was shipped or transported in interstate or foreign commerce.

## III. STATUTORY MAXIMUM SENTENCE

The maximum sentence for a violation of Count 2 of the Superseding Indictment is: not more than 15 years' imprisonment; maximum term of three years' of supervised release; maximum fine $250,000; $100 mandatory victim's fund assessment fee.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States, or confined indefinitely if there is no country to which the

defendant may be deported, denied future admission into the United States, and/or to be denied citizenship.

## V. STIPULATION OF FACTS

The factual basis for this plea is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from presenting non-contradictory additional facts which are relevant to the Court's guideline computation, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision, except as limited by footnote 1.

The parties agree the government would be able to prove the following facts at trial. On March 18, 2024, the Denver Police Department authored a search warrant for a cellphone belonging to the defendant, Abraham Gonzalez-Romero. A forensic extraction of the cell phone belonging to the defendant was completed, and a number of photographs saved on the phone were recovered. One photo depicts a Glock 19 semi-automatic firearm bearing serial number BWSF317. Another photograph depicts the defendant holding the Glock 19 semi-automatic firearm bearing serial number BWSF317. These photographs were timestamped and taken on December 4, 2023, at 12:03 pm. Metadata from the phone extraction confirmed that the defendant's device took the pictures in question, and that the phone was in Colorado during the relevant time period.

The defendant admits to knowingly possessing the Glock 19 semi-automatic firearm

bearing serial number BWSF317 on December 4, 2023. In December of 2023, the defendant was unlawfully present in the United States as an alien, and was aware that he was illegally present in the United States.

The Glock 19 semi-automatic firearm was later test-fired and functioned as designed, expelling a projectile when fired. The firearm was determined to have traveled in interstate commerce prior to being possessed by the defendant on December 4, 2023.

## VI. ADVISORY GUIDELINE CALCULATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate. The parties understand that the government also has an independent obligation to assist the Court in making an accurate determination of the correct guideline range. To that end, the government may argue that facts identified in the presentence report, or otherwise identified during the sentencing process, affect the estimate below.

a) Under Section 2K2.1(a)(6), the base offense level is 14.

b) Under Section 2K2.1(b)(6)(B), there is a 4-level increase as the firearm was possessed in connection with another felony offense.[1]

[1] The United States believes that the discovery materials in the case support this enhancement, but does not intend to introduce further testimony or evidence in support of the enhancement at sentencing. The defendant contests its applicability.

c) The adjusted offense level is 18.

d) Under Section 3E1.1(a) and (b), there is a three-level decrease for timely acceptance of responsibility. The resulting total offense level is 15.

e) The parties understand that the defendant's criminal history computation is tentative and based on the defendant's prior convictions. The parties believe the defendant is in criminal history category I.

f) The career offender/criminal livelihood/armed career criminal adjustments do not apply.

g) The advisory guideline range resulting from these calculations is 18-24 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level(s) estimated above could conceivably result in a range from 18-24 months (bottom of Category I) to 41-51 months (top of Category VI). The guideline range would not exceed, in any case, the cumulative statutory maximums applicable to the counts of conviction.

h) Pursuant to guideline § 5E1.2, assuming the estimated offense level above is correct, the fine range for this offense would be *$ 7,500 to $ 75,000*, plus applicable interest and penalties.

i) Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term must be at least one years, but not more than three years.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any *18 U.S.C.* § 3553 factor.

## VII. ENTIRE AGREEMENT

The agreement disclosed to the Court is the entire agreement. There are no other promises, agreements or "side agreements," terms, conditions, understandings, or assurances,

express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any other terms, promises, conditions or assurances.

Date: 6-11-25

Abraham Gonzalez-Romero
Defendant

Date: 6-11-25

Kelly Christl
Attorney for Defendant

Date: 6/11/25

Garreth Winstead
Assistant U.S. Attorney